[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appears to be a case of first impression.
The plaintiff's action sounds in slander of title and seeks damages and injunctive relief from the defendant's lodging of liens on the land records against real property of the plaintiff.
The parties have submitted stipulation of facts which may be summarized as follows:
1. On or about January 14, 1987 the parties entered into a written agreement wherein the plaintiff agreed to construct a home upon the defendant's premises. A dispute arose concerning the performance of the contract by both the plaintiff and the defendant. Pursuant to the terms of said contract, the parties were required to submit such dispute to arbitration.
2. On May 15, 1989 the parties submitted their dispute to a single arbitrator of the American Arbitration Association. On June 15, 1989 the arbitrator made a written award of damages, awarding the plaintiff $81,641.00 and the defendant $114,559.00.
3. On July 10, 1989 the plaintiff filed an application to vacate, modify or correct arbitration award in American Arbitration Association Case No. 12110022288. Said application was filed in the Superior Court within and for the Judicial District of New Haven at New Haven.
4. On August 7, 1989 the plaintiff filed a memorandum in support of said application to vacate or correct an arbitration award. CT Page 7181
5. The Court file does not contain a written application to confirm said arbitration award pursuant to Connecticut General Statutes § 52-417, nor is there any evidence that a written application to confirm was filed.
6. On March 12, 1990 the plaintiff's application to vacate, modify or correct an arbitration award was heard in New Haven Superior Court, Docket No. CV 89-0286970S.
7. The Court denied the plaintiff's application to vacate, modify or correct.
8. The defendant filed judgment liens on the Hamden Land Records against the four (4) parcels of real property that Salvatore Laudano owned in the Town of Hamden on April 15, 1990, and also filed a lis pendens on October 12, 1990 against the four (4) parcels of property.
9. At the request of the plaintiff, the defendant Lupo provided the plaintiff with a release of judgment lien and a release of lis pendens as to two of said parcels on or about August 20, 1991.
10. By motion dated October 24, 1994, the defendant Lupo filed a motion for articulation, requesting that the court review the transcript of the plaintiff's motion to vacate, modify or correct dated March 12, 1990. Said request was made in order to determine if the Court's ruling on the plaintiff's application to vacate, modify or correct arbitrator's award constituted a confirmation of said award.
11. The Court refused to hear said motion.
The defendant maintains that she has a valid judgment, pursuant to the arbitration award, and thus the right to maintain on the land records the judgment liens and notices of lis pendens, by virtue of the Court's denial of the plaintiff's application to vacate.
The plaintiff argues that in order to obtain a judgment pursuant to the award, the defendant was required to obtain a court order confirming the award.
I
CT Page 7182
The Court has examined the court file in the underlying case, CV 89-0286970S, in which the plaintiff's application to vacate was denied. There is no reference to a motion to confirm and the Court's decision addresses only the application to vacate.
A pertinent statute is § 52-147:
 "Sec. 52-417. Application for order confirming award. At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."
This language clearly requires the actual filing of an application to confirm. A subsequent section, § 52-421(a), recites in detail the procedure to be followed:
 "Any party applying for an order confirming, modifying or correcting an award shall, at the time the order is filed with the clerk for the entry of judgment thereon, file the following papers with the clerk: (1) The agreement to arbitrate, (2) the selection or appointment, if any, of an additional or substitute arbitrator or an umpire, (3) any written agreement requiring the reference of any question as provided in section 52-415, (4) each written extension of the time, if any, within which to make the award, (5) the award, (6) each notice and other paper used upon an application to confirm, modify or correct the award, and (7) a copy of each order of the court upon such an application."
The defendant, having failed to follow the statutory CT Page 7183 procedure, cannot now have the Court interpret the denial of the application to vacate as an "implied confirmation".
 II.
The defendant has filed a copy of the transcript of the hearing on the application to vacate and requests the Court to examine it for evidence of the filing of art application to confirm.
Specifically, she refers to this exchange on page 2 between the Court and counsel for the plaintiff:
THE COURT: Is there an application to confirm?
 MR. PARISI (Counsel for the plaintiff): I think it's the same situation as the previous one, your Honor, this is a win or lose situation.
Admittedly, this statement recognizes that this was a "win or lose situation", but only as to the matter before the Court. The plaintiff lost, and the defendant won when the application to vacate was denied.
The defendant argues that in response to the Court's question, the plaintiff's counsel should have responded in the negative but by his response he indicated he did not consider the absence of a written application to confirm "a waiver or a default". This begs the question, however, because counsel is not empowered to vary procedures or issue exemptions from statutory requirements.
 III.
The defendant also claims that public policy dictates the adoption of his theory that denial of the application to vacate automatically confirms the award, with an end result of encouraging arbitration and having such awards achieve finality.
There is nothing detrimental to the arbitration process in requiring standard procedures to be followed so that an award may be converted into a court judgment. In fact, that is precisely why such procedures exist and must be followed, to assure that the court judgment is properly entered with safeguards for all parties.
As to the defendant's concern that her award "is left in a CT Page 7184 kind of legal limbo", this is only so because she has failed to take the simple step required to perfect a judgment. An application to confirm could have been filed at any time within a year of June 15, 1989 — the date of the award.
 IV.
The defendant cites a Connecticut case in support of his position that the award was confirmed when the Court denied the plaintiff's application to vacate. In Haynes Construction Corp. v.Cascella and Son Construction, 36 Conn. App. 29 (1994), the Court reversed the trial court's judgment vacating the award "with direction to render judgment denying the application to vacate.[13]." Id., at p. 41.
The defendant refers to the footnote at the end of the statement of the decision as suggesting the contents of the footnote support his theory:
 "There is no application to confirm the award in the file." Id., at p. 41.
Actually, this is conclusive of the issue in this case in favor of the plaintiff. For, what the Court is saying is that in the absence of the application to confirm, the direction to render judgment must be limited to a denial of the application to vacate. Otherwise the decision would have gone on to say "and granting the application to confirm."
Conclusion
It is the ruling of the Court that the defendant did not obtain a valid judgment of this Court with the denial of the application to vacate and thus has no legal basis to burden the plaintiff's real property.
It is therefore ordered that the defendant release all of said liens forthwith.
The plaintiff is entitled to recover of the defendant her legal fees in the amount of $4,095.00 plus taxable costs. Said fees are found to be reasonably necessary in order for the plaintiff to clear title to the real property encumbered by the defendant. CT Page 7185
Anthony V. DeMayo State Trial Referee